## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YURII SMIRNOV,<br><br>    Petitioner,<br><br>v.<br><br>CHRIS GANTT, Warden of the<br>Cimarron Correctional Facility, et al.,<br><br>    Respondents.[1] | )<br>)<br>)<br>)<br>)   Case No. CIV-26-217-G<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

On February 9, 2026, Petitioner Yurii Smirnov filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement.

Now before the Court is Petitioner's Voluntary Dismissal (Doc. No. 14). The Voluntary Dismissal states that Petitioner dismisses the action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and requests that the case be closed. *See id.* at 1. No response or objection to the Voluntary Dismissal has been filed.

Pursuant to Rule 41(a)(1)(A), an action may be dismissed "without a court order" through the filing of a "notice of dismissal before the opposing party serves . . . an answer" or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P.

---

[1] Chris Gantt, Warden of Cimarron Correctional Facility, David J. Venturella, Acting Director, Immigration and Customs Enforcement, Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, and Todd Blanche, United States Attorney General, are hereby substituted as respondents for Scarlet Grant, Todd M. Lyons, Kristi Noem, and Pamela Bondi, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

41(a)(1)(A)(i), (ii).  Here, the Voluntary Dismissal does not serve as a self-executing dismissal under Rule 41(a)(1)(A) because the Voluntary Dismissal was filed after certain Respondents filed an Answer (Doc. No. 11) and is signed only by counsel for Petitioner.

The filing asserts, however, that "Petitioner has departed the United States" pursuant to an Immigration Judge's order granting his request for voluntary departure, that "Petitioner no longer seeks the habeas relief requested in the pending Petition," and that "this matter is now moot."  Pet'r's Voluntary Dismissal at 1; *see also* Resp'ts' Notice (Doc. No. 13) at 1; *id.* Exs. 1, 2 (Doc. Nos. 13-1, 13-2).

"Because the Petition challenges [Petitioner's] detention and seeks [his] release or a bond hearing, the voluntary departure order renders the requested relief moot." *Bermudez v. Figueroa*, No. CIV-26-179-JD, 2026 WL 925524, at *2 (W.D. Okla. Apr. 6, 2026); *accord Jiang v. Grant*, No. CIV-26-302-R, 2026 WL 1791957, at *1 (W.D. Okla. June 22, 2026).  Dismissal is warranted, as "[t]here is no relief the Court can grant." *Bermudez*, 2026 WL 925524, at *2.

## CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.  A separate judgment shall be entered.

IT IS SO ORDERED this 11th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge

2